```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**MELINDA ROBINSON, ET AL.**                                  **PLAINTIFFS**

VS.                               CIVIL ACTION NO. 3:07-cv-125-WHB-LRA

**WLA-MART STORES, INC.**                                     **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendant, Wal-Mart Stores, Inc., to Dismiss the Complaint or to Strike the Class Action Allegations or, in the Alternative, to Sever. The Court has considered the Motion, Response, Rebuttal, Complaint, as well as supporting and opposing authorities and finds that the Motion, to the extent it seeks dismissal on the basis of lack of subject matter jurisdiction, is well taken and should be granted, and that the remaining bases for the Motion should be dismissed as moot. The Court additionally finds, however, that Plaintiffs should be permitted the opportunity to amend their Complaint to cure the jurisdictional defect therein, if they so desire.

### I. Factual Background and Procedural History

On March 5, 2007, Plaintiffs, who comprise two hundred and eighty-nine current and former employees of Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), filed a class action law suit in this Court alleging:

>During their employment, Plaintiffs were required to work hours off the clock for which they were not paid in violation of Wal-Mart's contractual obligations and the laws of the State of Mississippi. Plaintiffs were also required to work through their rest and meal breaks in violation of Mississippi law and in breach of Wal-Mart's contractual agreement to provide them.

See Compl., at ¶ 4. Through the Complaint, Plaintiffs seek to certify a class comprised of "all current and former hourly-paid employees of Wal-Mart Stores, Inc., in the State of Mississippi that were employed from May 28, 1999 until the present." Id., at ¶ 26. Based on the conduct alleged above, the Class seeks compensatory and punitive damages on claims of (1) breach of contract, which arise from allegations that they were required to work off the clock and denied rest and meal breaks; and (2) conversion, which arise from allegations that "Wal-Mart has in its possession the personal property (earned and unpaid wages and working time) of the Plaintiffs and the Class." Id., at ¶¶ 41-52.

Wal-Mart has now moved for dismissal of the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Wal-Mart also seeks dismissal of Plaintiffs' conversion and class action allegations pursuant to FRCP 12(b)(6). In the alternative to dismissal, Wal-Mart moves for severance of the named Plaintiffs in this case.

2

## II.  Legal Analysis

**A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**[1]

Wal-Mart moves for dismissal of Plaintiffs' Complaint on the basis that the Court lacks subject matter jurisdiction over this case.  It is well settled that a lawsuit must be dismissed if "the court lacks the statutory or constitutional power to adjudicate the case."  See Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  In cases in which a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is filed, the party seeking to litigate in federal court bears the burden of establishing jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  A "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Id. (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)).  "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Home Builders Ass'n of Miss., 143 F.3d at 1010.

---

[1]  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)(citing Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)).

3

In the case *sub judice*, Plaintiffs allege that this Court may properly assert subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d). This statute provides, in relevant part:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant ...

28 U.S.C. §§ 1332(d)(2)(A).

In their Complaint, Plaintiffs allege:

> Plaintiffs <u>reside</u> throughout the State of Mississippi and were/are hourly employees of Wal-Mart Stores, Inc.
>
> Defendant Wal-Mart Stores, Inc., is a Delaware Corporation authorized to do business in Mississippi with its principal place of business located in Bentonville, Arkansas.

Compl., at ¶¶ 4, 5 (emphasis added). The United States Court of Appeals for the Fifth Circuit has long held that allegations of residency are insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. See <u>Kerney v. Fort Griffin Fandangle Ass'n, Inc.</u>, 624 F.2d 717, 719 (5th Cir. 1980) (finding that the plaintiff "did not satisfy the burden, always on plaintiff, of establishing diversity of citizenship between the plaintiff and all defendants, for he alleged only the residence and not the citizenship of the parties. An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship."). <u>See also</u> <u>Delome v. Union Barge Line, Co.</u>, 444 F.2d 225, 233 (5th Cir. 1971) (finding that the

4

plaintiff's allegation that he was a resident of Texas was "insufficient to confer federal jurisdiction under 28 U.S.C.A. 1332. Standing alone, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."). As explained by the Fifth Circuit in Nadler v. American Motors Sales Corp., 764 F.2d 409 (5th Cir. 1985):

> Each party asserting a claim for relief bears the burden of setting out in his pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends". FED. R. CIV. P. 8(a)(1); see Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984) (per curiam); Illinois Central R.R. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (requiring affirmative and distinct allegation of jurisdictional grounds); Kerney v. Fort Griffin Fandangle Ass'n, 624 F.2d 717, 719 (5th Cir. 1980) (holding that pleader must set out basis for jurisdiction "distinctly and affirmatively"). The statute that confers diversity of citizenship jurisdiction on the federal courts plainly indicates the facts that a pleader must allege to satisfy Rule 8(a)(1). See 28 U.S.C. § 1332 (1982). Section 1332 provides for jurisdiction over civil actions between, *inter alia*, "citizens of different States". Id. § 1332(a)(1) (emphasis supplied). An allegation that the parties are "residents" of particular states does not satisfy the requirements of Rule 8(a)(1); section 1332(a)(1) demands diverse citizenship, not diverse residency. See, e.g., Bingham v. Cabbot, 3 U.S. (Dall.) 382, 1 L. Ed. 646 (1798); Neeley v. Bankers Trust Co. of Tex., 757 F.2d 621, 634 n.18 (5th Cir. 1985); Strain, 742 F.2d at 889; Kerney, 624 F.2d at 719; Delome v. Union Barge Line, 444 F.2d 225, 233 (5th Cir. 1971), cert. denied, 404 U.S. 995 (1971).

Nadler, 764 F.2d at 412-13.

As the Complaint in this case only alleges the residency of the plaintiffs, as opposed to their citizenship, the Court must find that Plaintiffs have failed to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332. Accordingly, the

Court finds it cannot exercise subject matter jurisdiction over this case as pleaded and, therefore, that the motion of Wal-Mart, to the extent it seeks dismissal for lack of subject matter jurisdiction, should be granted. The Court additionally finds that the motion of Wal-Mart, to the extent it seeks dismissal of Plaintiffs' conversion claim and class action allegations, or alternatively to sever, should be denied as moot.

The Court, however, has the discretion to allow Plaintiffs an opportunity to amend their Complaint in order to cure the jurisdictional defect therein. See 28 U.S.C. § 1963 (providing: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). See also Nadler, 764 F.2d at 413. Accordingly, the Court will grant Plaintiffs until November 26, 2007, to amend their Complaint in order to cure the jurisdictional defect regarding citizenship. In the event an amended complaint is not filed within the prescribed period of time, the Court will enter a Final Judgment dismissing this case, without prejudice, for lack of subject matter jurisdiction, and without further notice to the parties.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Wal-Mart Stores, Inc., to Dismiss the Complaint or to Strike the Class Action Allegations or, in the Alternative, to Sever [Docket No. 4],

6

to the extent it seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, is hereby granted.

IT IS FURTHER ORDERED that the Motion of Defendant Wal-Mart Stores, Inc., to Dismiss the Complaint or to Strike the Class Action Allegations or, in the Alternative, to Sever [Docket No. 4], to the extent it seeks dismissal of Plaintiffs' conversion claim and class action allegations pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, and to the extent it seek severance, is hereby dismissed, without prejudice, as moot.

IT IS FURTHER ORDERED that Plaintiffs are hereby granted until November 26, 2007, to amend their Complaint in order to cure the jurisdictional defect regarding citizenship.  In the event an amended complaint is not filed within the prescribed period of time, the Court will enter a Final Judgment dismissing this case, without prejudice, for lack of subject matter jurisdiction, and without further notice to the parties.

SO ORDERED this the 15th day of November, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE